May it please the Court, my name is George Varedes, appearing on behalf of Petitioner Gurnam Singh. This is another streamlined case from the Board of Immigration Appeals and accordingly the Immigration Judge's decision is the final agency determination in this case. Petitioner argues that the Immigration Judge's decision to deny his applications for asylum and withholding removal is not supported by substantial evidence. The Petitioner argues that while the Immigration Judge questioned his identity at the outset of her written decision, she did not explicitly deny his claim based on a failure to establish his identity, which is all he needs to do to establish his asylum claim on that issue. Petitioner also submits that the IJ erroneously denied his applications for relief pursuant to a determination that he did not demonstrate sufficient knowledge of the SADM party, that's the Shirmani Akali Dal, but Petitioner argues that it is improper for an immigration judge to conclude that knowledge of particular facts about the hierarchy or history of that party is a prerequisite to asylum based on membership in that group. In fact, in point of fact, Petitioner argues that speculation about what he should or should not know with regards to the SADM party cannot replace substantial evidence. Petitioner argues that he conclusively established that he suffered persecution based on at least one of the five enumerated grounds. So, back, let's start with these documents and affidavits. Yes, Your Honor. Particularly the documents. I know that... Petitioner submitted birth certificates of his family, including his own birth certificate, numerous affidavits. His driver's license, which he testified was created by an agent. I don't mean it was created by an agent. He said it wasn't his driver's license. Well, the immigration judge is speculating that because it was prepared or created by the agent or procured by the agent, that it must not be what it purports to be. Petitioner concedes that he testified that he doesn't know whether or not it is a valid driver's license. Well, why wouldn't he know that? Well, because he was not directly involved in the arrangements involved in procuring his... in arranging his departure from India. He simply paid an agent to obtain a travel document for him and to secure his escape from India. But I could understand part of that, but driver's license is something you get and you use. Yes, Your Honor. This driver's license, if I'm correct, if I'm not mistaken, was procured right before his departure. It was something that he was given as he was... He said that he had another driver's license, but this wasn't it? That's right, Your Honor. And his explanation was that his agent advised him to have a driver's license from a different area of India and not from the Punjab. And I believe that was his explanation. I don't have a citation to the record. The driver's license was not even from where he lived? No, it was from a different... I think either a different province or a different... It's just not from the Punjab, if I'm not... if I'm not mistaken. Now, the purpose of all of these so-called documents was simply to establish his identity? Yes, Your Honor. They were submitted for identity purposes. The IJ did not... They simply gave these documents no weight and relied... and made a decision. Actually, she doesn't even really make a decision as far as identity, but if she would, she would have been assessing his identity based on his testimony alone by not giving these documents any weight. So she does not conclusively say, I do not think you are who you purport to be. She just says, I cannot... I cannot assess your identity based on these documents. I cannot give them weight because I don't know if they're properly authenticated. I don't believe the petitioner even knew when he received them exactly. And because of all these sorts of procedural problems as far as authentication, she just simply gave the documents no weight. Now, she said in the course of her opinion that the only part of his testimony which was clear, precise, and absolute was about the... Persecution he suffered. Persecution. Everything else was fuzzy. Yes, Your Honor. It was just kind of like a rote recitation about the... she would be entitled to look at him, think about it, hear that, and decide that, wouldn't she? Excuse me, Your Honor, could you... She could decide that this testimony was all too pat and... Well, Your Honor, she doesn't make a demeanor finding. She doesn't say that he doesn't... No, she doesn't even make a demeanor finding, but she does make a finding that this was the only testimony which seemed to be clear, organized, absolute. Yes, Your Honor. I don't think that's proper. I think that's just mere speculation about the manner in which he testified. He simply testified consistently with his written declaration. If that's parroting his story, I mean, he has a hand in preparing his declaration. Obviously, he would say, he would reiterate in his hearing exactly what he says in his declaration. The I.G. merely finds fault in his testimony, it seems, based on his knowledge of his political organization of which he was a member. She, in essence, expects sophistication from a clearly unsophisticated individual. This is an individual who has limited education who testified over and over that this is the best I can testify, this is all that I know. He testified to the best of his ability. He testified consistently with his declaration with regards to his knowledge, and based on that fact, the I.G. is merely engaging in speculation here, and that cannot substantiate her credibility finding. It's not supported by substantial evidence. I have three minutes remaining. I'd like to reserve the rest of my time unless the Court requests permission. Thank you. Good morning again, Your Honors. Thomas Ragland for the Respondent. Your Honors, let me turn initially to the issue of identity and why that is relevant to this case. The immigration judge found that the petitioner had failed to credibly establish his identity in this case. He used a different name when he arrived in this country than he used in his asylum application, and the documents that were submitted the immigration judge reasonably found failed to corroborate his claimed identity. Identity is significant to establish that the petitioner is who he says he is, that he is a Sikh from the Punjab who could have been subject to this sort of persecution. And the issue of identity, as this Court held in Farah v. INS, relates to credibility because in Farah the Court held the credibility findings go to the key elements of the asylum application, including, in that case, identity, membership in a persecuted group, and date of entry to the United States. The Court has recognized that identity is a – can be a central feature of a credibility finding. Where did the IG make a negative determination with regard to identity specifically? I mean, she certainly went on and said, I'm in a quandary, I don't believe any of these documents. But where does she say he's not who he says he is? The immigration judge doesn't specifically say that. The immigration judge does not specifically say that. But you began by saying she did. That she had concerns about the petitioner's identity. Right. And that the immigration judge mentioned identity in addition to the other aspects of the claim that went to the credibility determination. So the judge found the petitioner was not a credible witness. Identity was one of those elements that she looked to. The other elements were inconsistencies in the testimony, lack of specificity, implausible statements, evasiveness on the part of the petitioner. And she listed seven specific items that she noted went to that adverse credibility finding. In addition to her concerns about his failure to credibly establish his identity. Your Honor, those specific instances were not, not as Petitioner's Counsel characterized as speculation on the part of the immigration judge. But as mentioned, the judge noted specific inconsistencies and implausibilities that taken as a whole led her to conclude that she simply could not believe the testimony of the petitioner that was specific. As Your Honor has noted, he testified specifically about the dates on which he purportedly was arrested. What specifically happened at the times of those arrests. But when asked about anything outside those particular alleged incidences, was unable to give any specific testimony. For example, regarding when he joined the Shiremani Akali Dal Man Party. And he gave four different answers for when that date supposedly was. Now, inconsistencies regarding dates alone would not be enough to find that he was not credible. But the inconsistencies regarding those dates was but one of a number of inconsistencies. He was also unable to articulate the activities and goals of the Shiremani Akali Dal Man Party, even though he claimed to have been a member since 1994. And not just a member, but an activist on behalf of the party. Transporting people to activities, advocating that people vote in elections, traveling from his village to other villages to advocate the party at the time of elections. And so it was reasonable for the immigration judge to look at this applicant and say, well, you're saying that you're involved in the party and active and advocating that people vote for your candidates, and yet you're unable to articulate anything beyond the very rudimentary facts of what the party stands for. Unable to name any of the local leaders. Unable to name who asked him to perform party activities, such as he mentioned that he did pamphleteering at night, but never mentioned that there was anybody who was the leader of the party locally or in another village who advocated him to do those activities. He also was asked specifically by the immigration judge about his activities during the first six months of the first year that he belonged to the party and also by the INS trial attorney. And he repeatedly gave evasive answers. He said, well, I attended a rally one time in 1997, and he was asked again specifically, well, what did you do during the first year? And he never gave a specific answer. So the immigration judge, in looking at all these various inconsistencies and plausibilities and the evasive testimony of the petitioner, in addition to a lack of corroboration of his identity, found that he was not a credible witness. As a result, he found that the petitioner was unable to meet his burden of proving past persecution on account of protected ground. As a result of that finding, he went on and considered future persecution, determined that the petitioner had also not shown that there was a well-founded fear or a clear probability that he would face persecution in the future if he were to return to India and noted that there was no evidence that his family members who had remained in India had suffered any ill effects from remaining there, which was also discussed by this court in the Latha case, and then finally found that there was no clear probability that he would be tortured by or with the acquiescence of Indian government officials. The government submits that substantial evidence and specific cogent reasons support the immigration judge's determination, unless the panel has further questions. Thank you. Thank you, Your Honors. This Court has rejected the premise that an immigration judge may base an adverse or alleged inconsistencies taken as a whole. We must independently evaluate each ground cited by the IJ to determine whether or not each ground is supported by substantial evidence. Therefore, the opposing counsel, I respectfully submit. Some of them are and some of them aren't. Excuse me, Your Honor? Some of them are and some of them aren't. Independently evaluating each ground, if one of them is enough, then that's enough, under my understanding of the court precedent. Petitioner submits that he was not evasive during his testimony and that the IJ made no finding that he was evasive. What about all these documents? Why isn't that enough? Excuse me, Your Honor? Why isn't the document, the fact that the documents appear to be massively mass-generated and we have a driver's license to replace, we have no reason to think he ever was. Well, Your Honor. And a birth certificate for his daughter that he never saw and so on. These documents, number one, are not inconsistent with his testimony. Number two, these documents, there's no finding by the IJ that these documents are fraudulent. That's very important in this case. It just simply gives them no weight. Number three, if she did want to make such a finding, she could have very easily submitted these documents for governmental investigation or forensics to make a scientific finding as to the authenticity of those documents. Petitioner also submits that he testified consistently about the goals of his party. That appears on page 61 of the record. He also demonstrated his knowledge of elections. When he was a member of the Shermani Akali Dal, that appears on pages 101, 102. He also testified as to his knowledge of Iqbal Singh Tuwana, who was a leader of the Shermani Akali Dal. That appears on 119 and 120 of the administrative record. Petitioner submits that any further demonstration, any further examples of sophistication as to his knowledge of the party is not required as a prerequisite for establishing persecution based on his membership in the Shermani Akali Dal. And, therefore, the petitioner submits that the IJA speculation about what he should have known about his party is unwarranted, not supported by substantial evidence. And I submit the case if there are no further questions. No. Thank you very much. Thank you. Okay. The case of Jarnam Singh v. Ashcroft is submitted. And we go on to Narraveer Naraveer.
judges: B. Fletcher, Leavy, Berzon